KATHLEEN M. O'CONNOR, BAR NO. 92603
LAW OFFICES OF KATHLEEN M. O'CONNOR
301 North Lake Avenue, Suite 130
Pasadena, CA 91101

Attorney for the Creditor, Tina Romero

**FILED**

NOV 03 2010

CLERK U S BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA
Deputy Clerk

UNITED STATES BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re CARLOS ENRIQUE HERRERA, <br> Debtor | CHAPTER 7 <br> CASE NO. 2:10-BK-39894-BB <br> ADV. NO. |
| TINA ROMERO, <br> Plaintiff | COMPLAINT TO DETERMINE <br> DISCHARGEABILITY AND <br> OBJECTION TO DISCHARGE <br> [11 U.S.C. §§ 523(a)(2); <br> 523(a)(4)(A)); 523(a)6; 523(a)15;} <br> 727(a)(4) |
| CARLOS ENRIQUE HERRERA, <br> Defendant | |

TINA ROMERO ("ROMERO"), plaintiff and creditor of the above-named debtor, Carlos
Herrera ("HERRERA") in a sum in excess of $50,000.00 alleges:

## INTRODUCTION

1. Debtor Herrera has engaged in a pattern of fraud and deceit, breach of fiduciary
duty, willful and malicious injury to the property of Romero, and has a debt to
Romero which was incurred by a Judgment of Dissolution of Marriage entered
June 15, 2010 by the Superior Court of the County of Los Angeles, State of
California. The conduct of the Debtor mandates that the debt to Plaintiff be
deemed non-dischargeable.

First, Herrera incurred debt in excess of $65,000.00 in various credit cards which
he transferred to a Bank of America line of credit secured by the sole and separate
property of the Plaintiff, Romero. At the time of the transfer Herrera was the
spouse of Romero, and neither the amount of debt nor the transfer to the credit of
Romero was fully known to Plaintiff, Romero. For these actions, Herrera is not
entitled to discharge under 11 USC 523(a)2, 523(a) 4, 5239(a)6.

Second, at all times relevant hereto, Herrera was the spouse of Romero and Herrera owed a fiduciary duty to Romero under the laws of the State of California.

Herrera breached this duty by failing to make full disclosure to Romero of all facts relevant to transactions by falsely representing that all debt would be repaid from the proceeds of a Los Angeles County Worker's Compensation Claim. Case Number MON290044; MON290045.

Third, on or about January 8, 2009, Herrera transferred to his mother, Bertha Herrera, all right, title and interest in real property located at 2807 6th Street, Los Angeles, CA. This property was owned by Herrera since 2002, and was transferred within one month of a mandatory settlement conference under the Marriage of Herrera and Romero, Los Angeles county Superior Court Case Number BD 460561. The legal description of the property is:

LOT 20 OF S.A. WIDNEY TRACT, IN THE CITY OF LOS ANGELES, COUNTY OF LOS ANGELES, STATE OF CALIFORNIA, AS PER MAP RECORDED IN BOOK 15, PAGE 24 OF MAPS, IN THE OFFICE OF THE COUNTY RECORDER OF SAID COUNTY.

This conduct was fraudulent, and a breach of his fiduciary duty to Romero. Herrera is not entitled to discharge under 11 USC 523(a) 2; 523(a)(4), 523(a)(6).

Fourth, Herrera seeks to discharge in bankruptcy court the obligations to a spouse under a Judgment of Dissolution of Marriage (See **Exhibit 1** attached hereto) entered by the Superior Court of Los Angeles County Case Number BD460561 specifically:

a.   To divide the proceeds of the Standard Insurance Policy Group Number 360363; Claim Number 00294171.

b.   To pay in excess of $32,500.00 to Romero as an equalization of the marital estate including the community debt incurred during the marriage.

c.   To pay Romero $2,500.00 as and for his contribution on the 2005 tax obligation.

d.   To pay to Kathleen M. O'Connor as a Sanctions for conduct in the course of the dissolution proceedings in the amount of $7,500.00.

Herrera is entitled to discharge under 11 USC 523(a) 2, 4, 6, 15.

## JURISDICTION

2.   This is an adversary proceeding in the Debtor's Case No.2:10-BK-39894-BB under Chapter 7 of Title 11 of the United States Bankruptcy Code, now pending

2

COMPLAINT TO DETERMINE DISCHARGEABILITY
AND OBJECTION TO DISCHARGE

in this Court.  This court has jurisdiction of this adversary proceeding pursuant to 11 U.S.C. § 523.

3.  Defendant Herrera is not eligible for discharge as a debtor in his bankruptcy action pursuant to 11 U.S.C. 523(a)2, 523(a) (4), 523(a)(6), 523(a)(15).

### PARTIES

4.  Plaintiff, Tina Romero, ("ROMERO") is, and was at all times relevant herein, a resident of the state of California, County of Los Angeles, City of Los Angeles.

5.  Defendant, Carlos Herrera ("HERRERA"), is an individual who at all times relevant herein has been a residence of the State of California, County of Los Angeles, City of Los Angeles.

### GENERAL AVERMENTS

6.  Herrera's debt to Romero arises out of a marriage.

7.  Herrera and Romero married on August 27, 2000.  A Judgment of Dissolution of the Marriage was entered by the Los Angeles County Superior Court State of California Case NO. BD460561 entered on June 15, 2010.

8.  At all times from the date of marriage and continuing until the division of property, under the laws of the state of California, Herrera is under a fiduciary duty to Romero.

9.  Herrera owned real property located at 2807 6th Street Los Angeles.  This property was titled in the name of Bertha Herrera until 2002 when titled was transferred to Herrera.  On or about January 8, 2009, Herrera transferred said property back to Bertha Herrera who is his mother.

10. During the marriage, Herrera incurred debt on the credit of Romero.  Herrera had no credit in his own name because of prior bankruptcy proceedings.  The debt totaled in excess of $65,000.00.

11. During the marriage, Herrera applied and received credit cards using the name of Romero.  The extension of credit to Herrera was unknown or hidden to Romero.

12. On or about August 2004, Romero refused to join in a bankruptcy on the debt; Herrera induced Romero to secure a line of credit secured by her separate property residence to consolidate the debt.  At all times relevant hereto, Herrera owned a separate property residence located at 2807 6th Street, Los Angeles, CA.

13. On or about May 2006, Herrera filed a Worker's Compensation Claim with the City of Los Angeles for alleged injuries incurred in his work with the City of Los Angeles.  Herrera did receive a cash settlement in excess of $30,000.00.

3
COMPLAINT TO DETERMINE DISCHARGEABILITY
AND OBJECTION TO DISCHARGE

14. On or about August 2005, Herrera used the proceeds of the line of credit in the name of Romero, to pay off a 2002 BMW 325i he purchased as a gift for Romero. At the same time, Herrera maliciously and fraudulently made a false promise to pay down Romero's line of credit at Bank of America ending in account No. 5499 to the extent the debt represented the purchase of the BMW 325i and 1999 Ford F150 for the cars from the proceeds of his Workers Compensation settlement with the County of Los Angeles. Upon receipt of the settlement, Herrera refused to pay down the credit line.

15. On or about January 8, 2009, Herrera transferred the property at 2807 6th Street to Bertha Herrera. This transfer was made within 30 days of a Mandatory Settlement Conference set by the Los Angeles County Superior Court under Case No. BD460561.

16. On June 15, 2010, the Superior court of the County of Los Angeles, in Case No. BD460561 made the following orders of division of property:

a. Page 4, Item 4 of Judgment: "Tax Audit. The community filed a joint tax return for the year 2005, and that return was audited by the Internal Revenue Service resulting in a calculation of taxes, penalties and interest of $5,100.00 which the Respondent paid in full. The Petitioner is ordered to pay to the Respondent forthwith the sum of $2,550.00 as and for his contribution on the 2005 tax obligation".

b. Page 4 & 5, Item 5 of Judgment: "HELOC. The Petitioner is ordered to pay to the Bank of America on Account Number ending in 5499 the sum of $32,500.00 on or before May 13, 2010, and thereafter is discharged from any further obligation on the $65,000.00 community debt owed to the Bank of America.

If the Petitioner fails to pay $32,500.00 on or before May 13, 2010, then commencing June 1, 2010, the Respondent shall pay to the Petitioner a sum equal to 30% of the variable interest accrued each month on Bank of America, Account Number ending in 5499 retroactive to April 1, 2010, and the sum of $143.00 per month as and for a reduction on the principal. Both payments shall be paid to the Respondent on or before the fifth day of each month thereafter until the Petitioner has paid the principal amount of $32,500.00 in full".

c. Page 5, Item 6 of Judgment: "Standard Insurance Company. The court finds that the Standard Insurance Company, Long Term Disability Benefits through City of

4
COMPLAINT TO DETERMINE DISCHARGEABILITY
AND OBJECTION TO DISCHARGE

Los Angeles Group Policy, Group Number 360363, Claim No. 00294171 is a community asset and that the community owns a 21.037% interest in said policy based upon the years of marriage (2.64615) over the years of employment (12.57880)."

"As of October 1, 2010, the Respondent shall receive as her sole and separate property a sum equal to 10.5185% of each monthly payment for so long as the payments are made by Standard Insurance Company under the terms of the policy."

d. Page 6, Item 10 of Judgment: Attorney Fees. The court denies the Respondent's request for attorney fees under Family Code Section 2030. However, the court finds that the Petitioner's conduct during the course of the litigation, the meritless positions which interfered with settlement, and the expense incurred by the Petitioner to review the voluminous records identified by the Petitioner for introduction into evidence increased the cost of the litigation to the Respondent and was without basis. Therefore, the Petitioner is ordered to pay forthwith to Kathleen M. O'Connor, Esq. the sum of $7,500.00 as sanctions.

## FIRST CLAIM FOR RELIEF

(For A Determination That Herrera's Debts are Not Dischargeable Pursuant to 11 U.S.C. § 727(a) (4)(A))

17. Plaintiff incorporates by reference the allegations contained in paragraphs 1 – 16 above as though set forth fully herein.

18. On July 20, 2010, Herrera filed a Voluntary Petition for Bankruptcy with this court. He swore under penalty of perjury that the information which he provided in the Petition was true and correct. On Schedule A of his Petition, Herrera stated that he owned no real property. Romero is informed and believes and therefore alleges that Bertha Herrera is holding the real property located at 2807 E. 6th Street, Los Angeles, CA in trust for Herrera, pending the entry of Judgment on the Dissolution of Marriage and the discharge in bankruptcy.

19. Herrera's failure to include this ownership of 2807 E. 6th Street, Los Angeles, CA in Schedule A is a deliberate omission of a material matter constituting a false oath or account in connection with the case.

20. Herrera failed to disclose his ownership of 2807 6th Street, Los Angeles, CA with the intent to mislead the court and the trustee as to the debtor's true financial condition, or with reckless disregard for the truth with regard to a matter material to the case.

### SECOND CLAIM FOR RELIEF

(For A Determination That Herrera's Debts are Not Dischargeable Pursuant to 11 U.S.C. § 523(a)(16))

21. Plaintiff incorporates by reference the allegations contained in paragraphs 1 – 16 above as though set forth fully herein.

22. After trial held on March 11, 2010, the Los Angeles County Superior Court State of California, Case No. BD460561 entered judgment awarding Romero:

      i. Standard Insurance payments equal to 10.5185% of each monthly payment.

      ii. $32,500.00 as reimbursement on HELOC loan.

      iii. Sanction by way of attorney fees in the amount of $7,500.00.

      iv. $2,550.00 as and for his contribution on the 2005 tax obligation.

23. The Standard Insurance policy division is the division of a community interest in property acquired during the marriage. The plaintiff has a property interest in her designated share. This property right belongs as a matter of law to the plaintiff, and the obligation to cooperate in the transfer of this right is not dischargeable.

24. The payment of $32,500.00 is a reimbursement to the plaintiff of debt which the defendant Herrera incurred during the marriage. It represents a division of the marital estate and is not dischargeable.

25. The award of $7,500.00 in attorney fees is by way of sanction under the laws of the state of California for behavior during the course of litigation which increased the attorney fees and costs of the plaintiff. As a sanction, it is not dischargeable.

26. $2,550.00 is Herrera's one-half share of the 2005 tax obligation and is not dischargeable.

### THIRD CLAIM FOR RELIEF

(For A Determination That Herrera's Debts are Not Dischargeable Pursuant to 11 U.S.C. § 523(a)(6))

27. Plaintiff incorporates by reference the allegations contained in paragraphs 1 – 16 above as though set forth fully herein.

COMPLAINT TO DETERMINE DISCHARGEABILITY
AND OBJECTION TO DISCHARGE

28. Herrera deliberately hid from the Plaintiff Romero the extent of the debt which he was incurring during the marriage totaling in excess of $65,000.00.

29. Herrera maliciously obtained credit cards in the name of the plaintiff and used those cards to incur debt. The community was responsible for this debt to the extent that the debt was incurred during the marriage.

30. Herrera willfully and maliciously and without the full knowledge of the Plaintiff transferred the community credit card debt to the Bank of America HELOC for which the Plaintiff was solely responsible to the Bank of America account ending in 5499.

31. Herrera obtained access to the Bank of America line of credit funds by false representations designed to induce the reliance of the Plaintiff that the debt would be paid by the proceeds of the Workers Compensation Settlement knowing or should have known that the settlement was inadequate or that he had no intention of repaying the credit line.

## FOURTH CLAIM OF ACTION

(For A Determination That Herrera's Debts are Not Dischargeable Pursuant to 11 U.S.C. § 523(a)(4))

32. Plaintiff incorporates by reference the allegations contained in paragraphs 1 – 16 above as though set forth fully herein.

33. Under the law of the State of California, Herrera owes a fiduciary duty to Plaintiff Romero until all property owed to Romero is divided including the division of the Standard Insurance Policy and the payment of the $32,500.00 with interest thereon.

34. That in deliberate and malicious violation of his fiduciary duty, Herrera incurred credit in the name of Romero and incurred debt in excess of $65,000.00, without the full and complete knowledge of Romero of the extent of the debt or the acquisitions.

35. That in deliberate and malicious violation of his fiduciary duty, Herrera transferred the credit card debt to the Bank of America Line of Credit solely in the name of the Plaintiff Herrera. Without the full and complete knowledge of Romero.

36. That Herrera falsely promised to pay the Bank of America line of credit from the proceeds of his Los Angeles County Workers compensation claim the cost of a 2002 BMW 325i. Plaintiff relied upon the representation of the Defendant that he would pay for the car as a gift to her.

37. Herrera obtained access to the Bank of America line of credit funds by false representations designed to induce the reliance of the Plaintiff that the debt would

7

COMPLAINT TO DETERMINE DISCHARGEABILITY
AND OBJECTION TO DISCHARGE

be paid by the proceeds of the Workers Compensation Settlement knowing or should have known that the settlement was inadequate or that he had no intention of repaying the credit line.

## FIFTH CLAIM OF ACTION

(For A Determination That Herrera's Debts are Not Dischargeable Pursuant to 11 U.S.C. § 523(a)(2)(A))

38. Plaintiff incorporates by reference the allegations contained in paragraphs 1 – 16 above as though set forth fully herein.

39. Herrera made a false representation to Romero that he would refund the Bank of America line of credit for the value of the BMW 325i, a gift to Romero

40. Herrera obtained access to the Bank of America line of credit funds by false representations designed to induce the reliance of the Plaintiff that the debt would be paid by the proceeds of the Workers Compensation Settlement knowing or should have known that the settlement was inadequate or that he had no intention of repaying the credit line.

WHEREFORE, plaintiff prays for the entry of judgment against the Defendant as follows:

1. That the Court determines that the debts of the Defendant to Romero be ruled non-dischargeable as a result of Defendant's knowingly and fraudulently making a false oath in connection with a bankruptcy case by virtue of the provisions of 11 U.S.C.  727(a) \(4)(A)); and

2. That the Court determine that the debt of the Defendant to Plaintiff, including the award of attorney fees as sanction, be ruled non-dischargeable as a debt which is owed by the debtor in the course of a divorce decree under 11 USC 523(a)(15); or in the alternative

3. That the Court determine that the debt of the Defendant to Plaintiff , including the award of attorney fees as sanction, be ruled non-dischargeable as a willful and malicious injury by the Defendant to the Plaintiff to the property of the Plaintiff under 11 USC 523(a)(6) .; or in the alternative

4. That the Court determine that the debt of the Defendant to Plaintiff , including the award of attorney fees as sanction, be ruled non-dischargeable for fraud or defalcation while acting in a fiduciary capacity under the provisions of 11 USC 523 (a) (4); or in the alternative

5. That the Court determine that the debt of the Defendant to Plaintiff, including the award of attorney fees as sanction, be ruled non-dischargeable for obtaining credit by false pretenses, false misrepresentations or actual fraud under 11 USC 523(a)(2).

8

COMPLAINT TO DETERMINE DISCHARGEABILITY
AND OBJECTION TO DISCHARGE

6. For an award of attorney's fees as allowable by law in an amount the Court determines to be reasonable.

7. For the costs of suit herein incurred; and

8. For such other and further relief as this Court deems just and proper.

DATE: November 2, 2010

Kathleen M. O'Connor

Kathleen M. O'Connor, Esquire
Attorney for Plaintiff Tina Romero

9
COMPLAINT TO DETERMINE DISCHARGEABILITY
AND OBJECTION TO DISCHARGE

**EXHIBIT 1**

FL-180

| | |
|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):*<br>KATHLEEN M. O'CONNOR, BAR NO. 92603<br>LAW OFFICES OF KATHLEEN M. O'CONNOR<br>301 N. LAKE AVENUE, SUITE 130<br><br>PASADENA, CA 91101<br>TELEPHONE NO.: (626) 304-2951    FAX NO. *(Optional):* (626) 304-2779<br>E-MAIL ADDRESS *(Optional):*<br>ATTORNEY FOR *(Name):* TINA ROMERO HERRERA | FOR COURT USE ONLY |

| | |
|---|---|
| SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES<br>STREET ADDRESS: 111 N. HILL STREET<br>MAILING ADDRESS: SAME<br>CITY AND ZIP CODE: LOS ANGELES, CA 90012<br>BRANCH NAME: CENTRAL DISTRICT | **ORIGINAL FILED**<br><br>JUN 1 5 2010<br><br>**LOS ANGELES**<br>**SUPERIOR COURT** |

| | |
|---|---|
| MARRIAGE OF<br>PETITIONER: CARLOS HERRERA<br><br>RESPONDENT: TINA ROMERO HERRERA | |

| | |
|---|---|
| **JUDGMENT**<br>[X] **DISSOLUTION**   [ ] **LEGAL SEPARATION**   [ ] **NULLITY**<br>[ ] Status only<br>[ ] Reserving jurisdiction over termination of<br>   marital or domestic partnership status<br>[ ] Judgment on reserved issues   JUN 1 5 2010<br>Date marital or domestic partnership status ends: | CASE NUMBER:<br><br>BD 460 561 |

1. [ ] This judgment [ ] contains personal conduct restraining orders [ ] modifies existing restraining orders.
   The restraining orders are contained on page(s) _____ of the attachment. They expire on *(date):*

2. This proceeding was heard as follows: [ ] Default or uncontested [ ] By declaration under Family Code section 2336
   [X] Contested
   a. Date: March 11, 2010    Dept.: 88    Room:
   b. Judicial officer *(name):* **SCOTT M. GORDON** [X] Temporary judge  SCOTT GORDON
   c. [X] Petitioner present in court         [ ] Attorney present in court *(name):*
   d. [X] Respondent present in court       [X] Attorney present in court *(name):* KATHLEEN M. O'CONNOR
   e. [ ] Claimant present in court *(name):*      [ ] Attorney present in court *(name):*
   f. [ ] Other *(specify name):*

3. The court acquired jurisdiction of the respondent on *(date):*   March 14, 2007
   a. [ ] The respondent was served with process.
   b. [X] The respondent appeared.

**THE COURT ORDERS, GOOD CAUSE APPEARING**

4. a. [X] Judgment of dissolution is entered. Marital or domestic partnership status is terminated and the parties are restored to the
         status of single persons
         (1) [X] on *(specify date):*   JUN 1 5 2010
         (2) [ ] on a date to be determined on noticed motion of either party or on stipulation.
   b. [ ] Judgment of legal separation is entered.
   c. [ ] Judgment of nullity is entered. The parties are declared to be single persons on the ground of *(specify):*

   d. [ ] This judgment will be entered nunc pro tunc as of *(date):*
   e. [ ] Judgment on reserved issues.
   f. The [ ] petitioner's [X] respondent's   former name is restored to *(specify):*  **TINA ROMERO**
   g. [ ] Jurisdiction is reserved over all other issues, and all present orders remain in effect except as provided below.
   h. [ ] This judgment contains provisions for child support or family support. Each party must complete and file with the court a
         *Child Support Case Registry Form* (form FL-191) within 10 days of the date of this judgment. The parents must notify the
         court of any change in the information submitted within 10 days of the change, by filing an updated form. The *Notice
         of Rights and Responsibilities—Health Care Costs and Reimbursement Procedures and Information Sheet on Changing a
         Child Support Order* (form FL-192) is attached.

Page 1 of 2

| | | |
|---|---|---|
| Form Adopted for Mandatory Use<br>Judicial Council of California<br>FL-180 [Rev. January 1, 2007] | **JUDGMENT**<br>(Family Law) | Legal<br>Solutions·<br>La Plus |

Family Code, §§ 2024, 2340,<br>2343, 2346

FL-180

| CASE NAME *(Last name, first name of each party):* MARRIAGE OF HERRERA, CARLOS & TINA | CASE NUMBER: BD 460 561 |
|---|---|

4. *(Cont'd.)*

i. [ ] A settlement agreement between the parties is attached.

j. [ ] A written stipulation for judgment between the parties is attached.

k. [ ] The children of this marriage or domestic partnership.
 (1) [ ] The children of this marriage or domestic partnership are:
 Name　　　　　　　　　　　　　Birthdate

 (2) [ ] Parentage is established for children of this relationship born prior to the marriage or domestic partnership.

l. [ ] Child custody and visitation are ordered as set forth in the attached
 (1) [ ] settlement agreement, stipulation for judgment, or other written agreement.
 (2) [ ] Child Custody and Visitation Order Attachment (form FL-341).
 (3) [ ] Stipulation and Order for Custody and/or Visitation of Children (form FL-355).
 (4) [ ] other *(specify):*

m. [ ] Child support is ordered as set forth in the attached
 (1) [ ] settlement agreement, stipulation for judgment, or other written agreement.
 (2) [ ] Child Support Information and Order Attachment (form FL-342).
 (3) [ ] Stipulation to Establish or Modify Child Support and Order (form FL-350).
 (4) [ ] other *(specify):*

n. [X] Spousal or partner support is ordered as set forth in the attached
 (1) [ ] settlement agreement, stipulation for judgment, or other written agreement.
 (2) [ ] Spousal, Partner, or Family Support Order Attachment (form FL-343).
 (3) [X] other *(specify):* Judgment of Dissolution

 **NOTICE:** It is the goal of this state that each party will make reasonable good faith efforts to become self-supporting as provided for in Family Code section 4320. The failure to make reasonable good faith efforts may be one of the factors considered by the court as a basis for modifying or terminating spousal or partner support.

o. [X] Property division is ordered as set forth in the attached
 (1) [ ] settlement agreement, stipulation for judgment, or other written agreement.
 (2) [ ] Property Order Attachment to Judgment (form FL-345).
 (3) [X] other *(specify):* Judgment of Dissolution

p. [X] Other *(specify):* See attached

Each attachment to this judgment is incorporated into this judgment, and the parties are ordered to comply with each attachment's provisions.

Jurisdiction is reserved to make other orders necessary to carry out this judgment.

Date:

5. Number of pages attached: _____

JUDICIAL OFFICER
[X] SIGNATURE FOLLOWS LAST ATTACHMENT

**NOTICE**

Dissolution or legal separation may automatically cancel the rights of a spouse or domestic partner under the other spouse's or domestic partner's will, trust, retirement plan, power of attorney, pay-on-death bank account, transfer-on-death vehicle registration, survivorship rights to any property owned in joint tenancy, and any other similar thing. It does not automatically cancel the rights of a spouse or domestic partner as beneficiary of the other spouse's or domestic partner's life insurance policy. You should review these matters, as well as any credit cards, other credit accounts, insurance policies, retirement plans, and credit reports, to determine whether they should be changed or whether you should take any other actions.

A debt or obligation may be assigned to one party as part of the dissolution of property and debts, but if that party does not pay the debt or obligation, the creditor may be able to collect from the other party.

An earnings assignment may be issued without additional proof if child, family, partner, or spousal support is ordered.

Any party required to pay support must pay interest on overdue amounts at the "legal rate," which is currently 10 percent.

　　**JUDGMENT**
(Family Law)　　　　Page 2 of 2

| In re Marriage of Herrera, Carlos & Tina | Case No. BD 460561 |

FL-180 – ATTACHMENT NO. 4p

The court having considered the evidence and the arguments of counsel makes the following findings and orders:

1.    The court adopts the prior stipulations and agreements of the parties and those stipulations and agreements are incorporated herein.

2.    The following property is confirmed to the Petitioner as his sole and separate property:

    a.    The real property located at 2807 E. 6th Street, Los Angeles, CA 90023 and more specifically described as:

*City of Los Angeles, County of Los Angeles, State of California, Lot 20 of S.A. Widney Tract, in the City of Los Angeles, County of Los Angeles, State of California, as per map recorded in Book 15, Page(s) 24 of Maps, in the Office of the County Recorder of said County.*

    b.    That certain 1999 Ford F150 Truck, California License Number DPG8600.

    c.    All right, title and interest in the City of Los Angeles Defined Benefit Plan in the name of the Petitioner.

    d.    Except as otherwise provided herein, all right, title and interest in the proceeds of the Standard Insurance Company, Long Term Disability Benefits through the City of Los Angeles Group Policy, claim number 00294171, Group #630363.

    e.    Any and all bank accounts standing in the name of the Petitioner.

    f.    All right, title and interest in the Los Angeles City Employees Retirement System (LACERS) standing in the name of the Petitioner.

    g.    Except as otherwise provided herein, all furniture and furnishings in the possession of the Petitioner.

JUDGMENT ATTACHEMENT

Page | 3

1    3.    The following property is confirmed to the Respondent as her sole and separate

2    property:

3        a.    The real property located at 3334 Lowell Avenue, Los Angeles, CA 90032

4            and more specifically described as:

5            *City of Los Angeles, County of Los Angeles, State of California. Lot 17, Block*

6            *23 of Tract No. 4952 as per Map recorded in Book 70, Pages 31 to 34,*

7            *inclusive of Maps in the office of the County Recorder of Los Angeles County.*

8        b.    That certain 2002 BMW 325i, California License Number 4UQL825.

9        c.    All right, title and interest in the Hunt Ortmann 401K Plan administered by

10            American Funds Ascensus for the benefit of the Respondent, maintained by

11            her employer.

12        d.    Any and all bank accounts standing in the name of the Respondent.

13        e.    Except as otherwise provided herein, all furniture and furnishings in the

14            possession of the Respondent.

15    4.    Tax Audit. The community filed a joint tax return for the year 2005, and that

16    return was audited by the Internal Revenue Service resulting in a calculation of taxes, penalties

17    and interest of $5,100.00 which the Respondent paid in full. The Petitioner is ordered to pay to

18    the Respondent forthwith the sum of $2,550.00 as and for his contribution on the 2005 tax

19    obligation.

20    5.    HELOC. During the marriage, the sum of $65,000.00 was drawn down on a Bank

21    of America Line of Credit, Account Number ending in 5499 in the name of the Respondent and

22    used to pay community obligations, including the loan obligations secured by the automobiles.

23    2002 BMW 325i automobile in the amount of $8,271.00 and 1999 Ford F150 truck in the

24    amount of $4,398.00. The court finds that $65,000.00 of the current obligation of $109,432.00

25    on the Bank of America Line of Credit, Account Number ending in 5499 is a community

26    obligation.

27

28

JUDGMENT ATTACHEMENT

Page | 4

1      The Petitioner is ordered to pay to the Bank of America on Account Number ending in

2 5499 the sum of $32,500.00 on or before May 13, 2010, and thereafter is discharged from any

3 further obligation on the $65,000.00 community debt owed to the Bank of America.

4      If the Petitioner fails to pay $32,500.00 on or before May 13, 2010, then commencing

5 June 1, 2010, the Respondent shall pay to the Petitioner a sum equal to 30% of the variable

6 interest accrued each month on Bank of America, Account Number ending in 5499 retroactive to

7 April 1, 2010, and the sum of $143.00 per month as and for a reduction on the principal. Both

8 payments shall be paid to the Respondent on or before the fifth day of each month thereafter

9 until the Petitioner has paid the principal amount of $32,500.00 in full.

10      The Bank of America loan is a variable interest loan. The Respondent shall copy the

11 Petitioner with the monthly statement; and the Petitioner shall notify the Respondent of his

12 current address and any changes of address within 10 days of the move.

13     6.   Standard Insurance Company. The court finds that the Standard Insurance

14 Company, Long Term Disability Benefits through City of Los Angeles Group Policy, Group

15 Number 360363, Claim No. 00294171 is a community asset and that the community owns a

16 21.037% interest in said policy based upon the years of marriage (2.64615) over the years of

17 employment (12.57880).

18      The characterization of the proceeds of the policy changes from disability payment to

19 retirement payment upon the Petitioner reaching the age of 55 years under the Marriage of

20 Gilmore and the Marriage of Brown. As of October 1, 2010, the Respondent shall receive as her

21 sole and separate property a sum equal to 10.5185% of each monthly payment for so long as the

22 payments are made by Standard Insurance Company under the terms of the policy.

23      For purposes of the Qualified Domestic Relations Order the following information shall

24 be provided under separate cover to protect the identity of the parties.

25     Name of Participant: Carlos Herrera

26     Name of Alternate Payee: Tina Romero

27     Date of Birth of Participant: to be provided under separate cover.

28

JUDGMENT ATTACHMENT

Page | 5

1    Date of Birth of the Alternate Payee: to be provided under separate cover.

2    Social Security Number of the Participant – to be provided under separate cover.

3    Social Security Number of the Alternate Payee – to be provided under separate cover.

4    7.    Furniture and Furnishings.  The Petitioner and Respondent have agreed that the

5    Petitioner may take the following items of furniture and furnishings located at the family

6    residence: Mattress, Dining Room Set and Chairs, Patio Table & 4 Chairs, and the Double Door

7    Office Center.  These items must be removed on April 24, 2010, between the hours of 10 a.m.

8    and 5 p.m.  The Petitioner is responsible for any and all damage caused by the removal of the

9    property, and shall reimburse the Respondent the cost of repair.  Any furniture at the residence

10   on April 24, 2010, at 5:01 p.m. is the sole and separate property of the Respondent and the

11   Petitioner has no further claim.

12   8.    Cemetery Plots.  Petitioner and Respondent own a double grave cemetery plot at

13   Resurrection Cemetery, Lot L, Section 333 T-31.  The parties shall continue joint ownership and

14   each party retains the right to be buried in the plot.

15   9.    Spousal Support.  The court reserves jurisdiction over the establishment of spousal

16   support for either party for a period of two years.  After March 12, 2012, the court shall no

17   longer have the power to order spousal support in any amount or for any period of time.

18   The court finds that this is a short term marriage.  The parties have been separated

19   without a request for spousal support for 3 years.  The income of each of the parties is

20   equivalent.  However, the Petitioner nets more income since he does not have the same tax

21   liability.

22   10.    Attorney Fees.  The court denies the Respondent's request for attorney fees under

23   Family Code Section 2030.  However, the court finds that the Petitioner's conduct during the

24   course of the litigation, the meritless positions which interfered with settlement, and the expense

25   incurred by the Petitioner to review the voluminous records identified by the Petitioner for

26   introduction into evidence increased the cost of the litigation to the Respondent and was without

27

28

1  basis. Therefore, the Petitioner is ordered to pay forthwith to Kathleen M. O'Connor, Esq. the

2  sum of $7,500.00 as sanctions.

3      11.    Petitioner's Requests. The court finds that the Petitioner failed to meet his burden

4  of proof on the following issues and therefore the Petitioner's request is denied for failure of

5  proof:

6           a.    Maintenance Cost and Labor performed before and during the marriage on

7  the Respondent's separate property residence;

8           b.    Reimbursement for payment of the Los Angeles County real property

9  taxes for the years 2001-2005;

10           c.    Reimbursement for Mortgage Payments made during the marriage on the

11  separate property residence of the Respondent;

12           d.    Reimbursement claim for $275,220.00 in credit card payments made

13  during the marriage; and

14           e.    Cancellation of a policy of Medical Insurance insuring the Petitioner and

15  any expenses incurred as a result.

16  **IT IS SO ORDERED:**

17  Date:     JUN 1 5 2010                   **SCOTT M. GORDON**

18                                    SCOTT GORDON, JUDGE PRO TEM

19

20

21

22

23

24

25

26

27

28

Summons and Notice of Status Conference - *Page 2*

| In re | (SHORT TITLE) | CASE NO : 2:10-BK-39894-BB |
|---|---|---|
| | Debtor(s). | |

NOTE: When using this form to indicate service of a proposed order, **DO NOT** list any person or entity in Category I. Proposed orders do not generate an NEF because only orders that have been entered are placed on a CM/ECF docket.

## PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:

A true and correct copy of the foregoing document described as  SUMMONS & NTC OF STATUS CONF. COMPLAINT   TO DETERMINE DISCHARGEABILITY AND OBJECTION TO DISCHARGE will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d), and **(b)** in the manner indicated below:

I. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** - Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document.  On _____ I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email addressed indicated below:

☐ Service information continued on attached page

II. **SERVED BY U.S. MAIL OR OVERNIGHT MAIL** (indicate method for each person or entity served):
On 11/2/10 _____ I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follow. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☑ Service information continued on attached page

III. **SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on _____ I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method) by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct

| 11/2/10 | YVONNE M. ACS | *Signature* |
|---|---|---|
| *Date* | *Type Name* | |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California

# SERVICE LIST

U.S. BANKRUPTY COURT JUDGE
Hon. Sheri Bluebond
Courtroom 1475, 14th Floor
255 East Temple Street
Los Angeles, CA 90012

U.S. TRUSTEE
255 East Temple Street
Los Angeles, CA 90012

CARLOS ENRIQUE HERRERA
3572 Benton Avenue, #H
Lynwood, CA 90262
Debtor

JOHN ASUNCION, ESQUIRE
4311 Wilshire Blvd., #602
Los Angeles, CA 90010
Attorney for Debtor

ROSENDO GONZALEZ
GONZALEZ & ASSOCIATES
530 South Hewitt Street, Suite 148
Los Angeles, CA 90013
Trustee

| Attorney or Party Name, Address, Telephone & FAX Numbers, and California State Bar Number | FOR COURT USE ONLY |
|---|---|
| KATHLEEN M. O'CONNOR, BAR NO. 92603<br>LAW OFFICES OF KATHLEEN M. O'CONNOR<br>301 North Lake Avenue, Suite 130<br>Pasadena, CA 91101<br><br>(626) 304-2951<br><br><br>*Attorney for Plaintiff* TINA ROMERO | RECEIVED<br><br>NOV 03 2010<br><br>CLERK U.S. BANKRUPTCY COURT<br>CENTRAL DISTRICT OF CALIFORNIA<br>BY |

## UNITED STATES BANKRUPTCY COURT
## CENTRAL DISTRICT OF CALIFORNIA

| In re:<br><br>CARLOS ENRIQUE HERRERA<br><br>Debtor. | CHAPTER  7<br><br>CASE NUMBER  2:10-BK-39894-BB<br><br>ADVERSARY NUMBER |
|---|---|
| TINA ROMERO<br><br>Plaintiff(s).<br><br>vs<br><br>CARLOS ENRIQUE HERRERA<br><br>Defendant(s). | *(The Boxes and Blank Lines below are for the Court's Use Only) (Do Not Fill Them In)*<br><br>**SUMMONS AND NOTICE OF**<br>**STATUS CONFERENCE** |

TO THE DEFENDANT: A Complaint has been filed by the Plaintiff against you. If you wish to defend yourself, you must file with the Court a written pleading, in duplicate, in response to the Complaint. You must also send a copy of your written response to the party shown in the upper left-hand corner of this page. Unless you have filed in duplicate and served a responsive pleading by _____. the Court may enter a judgment by default against you for the relief demanded in the Complaint.

A Status Conference on the proceeding commenced by the Complaint has been set for:

| **Hearing Date:** | **Time:** | **Courtroom:** | **Floor:** |
|---|---|---|---|
| ☐  **255 East Temple Street, Los Angeles** | | ☐  **411 West Fourth Street, Santa Ana** | |
| ☐  **21041 Burbank Boulevard, Woodland Hills** | | ☐  **1415 State Street, Santa Barbara** | |
| ☐  **3420 Twelfth Street, Riverside** | | | |

PLEASE TAKE NOTICE that if the trial of the proceeding is anticipated to take less than two (2) hours, the parties may stipulate to conduct the trial of the case on the date specified, instead of holding a Status Conference. Such a stipulation must be lodged with the Court at least two (2) Court days before the date set forth above and is subject to Court approval. The Court may continue the trial to another date if necessary to accommodate the anticipated length of the trial.

Date of Issuance: _____

**KATHLEEN J. CAMPBELL**
**Clerk of Court**

By: _____
*Deputy Clerk*

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*February 2010* (COA-SA)

**F 7004-1**

Summons and Notice of Status Conference - *Page 2*                                    **F 7004-1**

| In re | (SHORT TITLE) | CASE NO.: 2:10-BK-39894-BB |
|-------|---------------|----------------------------|
|       | Debtor(s). |                        |

**NOTE**: When using this form to indicate service of a proposed order, **DO NOT** list any person or entity in Category I. Proposed orders do not generate an NEF because only orders that have been entered are placed on a CM/ECF docket.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:

A true and correct copy of the foregoing document described as  SUMMONS & NTC OF STATUS CONF. COMPLAINT  TO DETERMINE DISCHARGEABILITY AND OBJECTION TO DISCHARGE  will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d), and **(b)** in the manner indicated below:

**I. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** - Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document.   On _____ I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email addressed indicated below:

☐ Service information continued on attached page

**II. SERVED BY U.S. MAIL OR OVERNIGHT MAIL** (indicate method for each person or entity served):
On  11/2/10 _____ I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follow.  Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed

☑ Service information continued on attached page

**III. SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on _____ I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method) by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| 11/2/10 | YVONNE M. ACS |                |
|---------|---------------|----------------|
| *Date*  | *Type Name*   | *Signature*    |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

# SERVICE LIST

U.S. BANKRUPTY COURT JUDGE
Hon. Sheri Bluebond
Courtroom 1475, 14th Floor
255 East Temple Street
Los Angeles, CA 90012

U.S. TRUSTEE
255 East Temple Street
Los Angeles, CA 90012

CARLOS ENRIQUE HERRERA
3572 Benton Avenue, #H
Lynwood, CA 90262
Debtor

JOHN ASUNCION, ESQUIRE
4311 Wilshire Blvd., #602
Los Angeles, CA 90010
Attorney for Debtor

ROSENDO GONZALEZ
GONZALEZ & ASSOCIATES
530 South Hewitt Street, Suite 148
Los Angeles, CA 90013
Trustee