| Attorney or Party Name, Address, Telephone & FAX Numbers, and California State Bar Number | FOR COURT USE ONLY |
|---|---|
| KATHLEEN M. O'CONNOR, SBN 92603<br>LAW OFFICES OF KATHLEEN M. O'CONNOR<br>301 North Lake Avenue, Suite 130<br>Pasadena, CA 91101<br>(626) 304-2951<br>(626) 304-2779 (Fax)<br><br>☐ *Individual appearing without counsel*<br>☒ *Attorney for:* TINA ROMERO | **FILED**<br>**NOV 02 2010**<br>CLERK U.S. BANKRUPTCY COURT<br>CENTRAL DISTRICT OF CALIFORNIA<br>BY: _____ Deputy Clerk |

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| In re<br><br>CARLOS ENRIQUE HERRERA<br><br><br>Debtor(s). | CHAPTER: 7<br>CASE NO.: 2:10-BK-39894-BB<br>DATE: 12/7/10<br>TIME: 10:00 A.M.<br>CTRM: 1475<br>FLOOR: 14 |
|---|---|

# NOTICE OF MOTION AND MOTION FOR RELIEF FROM THE AUTOMATIC STAY
## UNDER 11 U.S.C. § 362 (with supporting declarations)
### (MOVANT: TINA ROMERO HERRERA )
### (Action in Non-bankruptcy Forum)

1. NOTICE IS HEREBY GIVEN to the Debtor(s) and Trustee (if any)("Responding parties"), their attorneys (if any), and other interested parties that on the above date and time and in the indicated courtroom, Movant in the above-captioned matter will move this Court for an Order granting relief from the automatic stay as to Debtor(s) and Debtor's(s') bankruptcy estate on the grounds set forth in the attached Motion.

2. Hearing Location:  ☒ 255 East Temple Street, Los Angeles      ☐ 411 West Fourth Street, Santa Ana
    ☐ 21041 Burbank Boulevard, Woodland Hills    ☐ 1415 State Street, Santa Barbara
    ☐ 3420 Twelfth Street, Riverside

3. a. ☒ This Motion is being heard on REGULAR NOTICE pursuant to Local Bankruptcy Rule 9013-1. If you wish to oppose this Motion, you must file a written response to this Motion with the Bankruptcy Court and serve a copy of it upon the Movant's attorney (or upon Movant, if the Motion was filed by an unrepresented individual) at the address set forth above no less than 14 days before the above hearing and must appear at the hearing of this Motion.

    b. ☐ This Motion is being heard on SHORTENED TIME. If you wish to oppose this Motion, you must appear at the hearing. Any written response or evidence must be filed and served:
        ☐ at the hearing    ☐ at least _____ court days before the hearing.
        (1) ☐ A Motion for Order Shortening Time was not required (according to the calendaring procedures of the assigned judge).
        (2) ☐ A Motion for Order Shortening Time was filed per Local Bankruptcy Rule 9075-1(b) and was granted by the Court.
        (3) ☐ A Motion for Order Shortening Time has been filed and remains pending. Once the Court has ruled on that Motion, you will be served with another notice or an order that will specify the date, time, and place of the hearing on the attached Motion and the deadline for filing and serving a written opposition to the Motion.

4. You may contact the Bankruptcy Clerk's Office to obtain a copy of an approved court form for use in preparing your response *(Optional Court Form F 4001-1.RES)*, or you may prepare your response using the format required by Local Bankruptcy Rule 9004-1 and the Court Manual.

*(Continued on next page)*

---

This form is mandatory by Order of the United States Bankruptcy Court for the Central District of California.

December 2009

F 4001-1M.NA

Motion for Relief from Stay (Non-bankruptcy Action) - Page 2 of ___    F 4001-1M.NA

| In re | (SHORT TITLE) | CHAPTER: 7 |
|---|---|---|
| CARLOS ENRIQUE HERRERA | Debtor(s) | CASE NO.: 2:10-BK-39894-BB |

5. If you fail to file a written response to the Motion or fail to appear at the hearing, the Court may treat such failure as a waiver of your right to oppose the Motion and may grant the requested relief.

Dated: 10/27/10

LAW OFFICE OF KATHLEEN M. O'CONNOR
_____
Print Law Firm Name (if applicable)

*[signature: Kathleen M O'Connor]*

KATHLEEN M. O'CONNOR
_____
Print Name of Individual Movant or Attorney for Movant

_____
Signature of Individual Movant or Attorney for Movant

---

This form is mandatory by Order of the United States Bankruptcy Court for the Central District of California.

December 2009

F 4001-1M.NA

Motion for Relief from Stay (Non-bankruptcy Action) - *Page 3 of* ____    F 4001-1M.NA

| In re (SHORT TITLE) | CHAPTER: 7 |
|---|---|
| CARLOS ENRIQUE HERRERA    Debtor(s) | CASE NO.: 2:10-BK-39894-BB |

## MOTION FOR RELIEF FROM THE AUTOMATIC STAY
**(MOVANT:** TINA ROMERO HERRERA  **)**

1. **The Non-bankruptcy Action:** Movant moves for relief from the automatic stay as to Debtor(s) and Debtor's(s') bankruptcy estate with respect to the following pending lawsuit or administrative proceeding (the "Non-bankruptcy Action") in a non-bankruptcy forum:

    Case name: Marriage of Herrera, Carlos and Tina Romero
    Docket number: BD450561
    Court or agency where pending: Los Angeles Superior Court, Central District

2. **Case History:**
    a. ☒ A voluntary  ☐ An involuntary  petition under Chapter  ☒ 7  ☐ 11  ☐ 12  ☐ 13
       was filed on *(specify date)*: 7/20/10
    b. ☐ An Order of Conversion to Chapter  ☐ 7  ☐ 11  ☐ 12  ☐ 13
       was entered on *(specify date)*:
    c. ☐ Plan was confirmed on *(specify date)*:
    d. ☐ Other bankruptcy cases affecting this action have been pending within the past two years. See attached Declarations.
    e. For additional case history, see attached continuation page.

3. **Grounds for Relief from Stay:** Pursuant to 11 U.S.C. § 362(d)(1), cause exists to grant Movant relief from stay to proceed with the Non-bankruptcy Action to final judgment in the non-bankruptcy forum for the following reasons:
    a. ☐ The bankruptcy case was filed in bad faith specifically to delay, hinder or interfere with prosecution of the Non-bankruptcy Action.
    b. ☐ The claim is insured. Movant seeks recovery only from applicable insurance, if any, and waives any deficiency or other claim against the Debtor(s) or estate property.
    c. ☐ Movant seeks recovery primarily from third parties and agrees that the stay will remain in effect as to enforcement of any resulting judgment against the Debtor(s) or estate, except that Movant will retain the right to file a proof of claim under 11 U.S.C. § 501 and/or an adversary complaint under 11 U.S.C. § 523 or § 727 in this bankruptcy case.
    d. ☐ Mandatory abstention applies under 28 U.S.C. § 1334(c)(2), and Movant agrees that the stay will remain in effect as to enforcement of any resulting judgment against the Debtor(s) or estate, except that Movant will retain the right to file a proof of claim under 11 U.S.C. § 501 and/or an adversary complaint under 11 U.S.C. § 523 or § 727 in this bankruptcy case.
    e. ☐ The claims are non-dischargeable in nature and can be most expeditiously resolved in the non-bankruptcy forum.
    f. ☐ The claims at issue arise under non-bankruptcy law and can be most expeditiously resolved in the non-bankruptcy forum.
    g. ☒ Other reasons to allow the Non-bankruptcy Action to proceed are set forth in an attached Declaration.

4. ☐ Movant also seeks annulment of the stay so that filing of the bankruptcy petition does not affect any and all of the enforcement actions that were taken after the filing of the bankruptcy petition in this case, as specified in the attached Declaration(s).

5. **Evidence in Support of Motion:** *(Important Note: Declaration(s) in support of the Motion MUST be attached hereto.)*
    a. ☒ Movant submits the attached Declaration(s) to provide evidence in support of this Motion pursuant to Local Bankruptcy Rules.
    b. ☐ Movant requests that the Court consider as admissions the statements made by Debtor(s) under penalty of perjury concerning Movant's claims set forth in Debtor's(s') Schedules. Authenticated copies of the relevant portions of the Schedules are attached as Exhibit _____.

*(Continued on next page)*

_____
This form is mandatory by Order of the United States Bankruptcy Court for the Central District of California.

December 2009                                                                                                F 4001-1M.NA

Motion for Relief from Stay (Non-bankruptcy Action) - *Page 4 of* ___    F 4001-1M.NA

| In re | (SHORT TITLE) | | CHAPTER: 7 |
|---|---|---|---|
| CARLOS ENRIQUE HERRERA | | Debtor(s) | CASE NO.: 2:10-BK-39894-BB |

c. ☐ Other evidence *(specify)*:

6. ☐ An optional Memorandum of Points and Authorities is attached to this Motion.

WHEREFORE, Movant prays that this Court issue an Order granting the following:

1. Relief from the stay to Movant (and its successors and assigns, if any) *(check boxes re all applicable relief requested)*:
   a. ☒ Terminating the stay as to Debtor(s) and Debtor's(s') bankruptcy estate.
   b. ☐ Annulling the stay so that the filing of the bankruptcy petition does not affect postpetition acts, as specified in the attached Declaration(s).
   c. ☐ Modifying or conditioning the stay as set forth in the attached continuation page:

2. Allowing Movant to proceed under applicable non-bankruptcy law to enforce its remedies to proceed to final judgment in the non-bankruptcy forum, provided that the stay remains in effect with respect to enforcement of any judgment against Debtor(s) or estate property.

3. ☒ Additional provisions requested:
   a. ☐ That the Order be binding and effective despite any conversion of this bankruptcy case to a case under any other chapter of Title 11 of the United States Code.
   b. ☒ That the 14-day stay prescribed by Bankruptcy Rule 4001(a)(3) be waived.
   c. ☐ That the Extraordinary Relief be granted as set forth in the Attachment *(attach Optional Court Form F 4001-1M.ER)*.
   d. ☐ For other relief requested, see attached continuation page.

4. If relief from stay is not granted, Movant respectfully requests the Court to order adequate protection.

Dated: **10/27/10**

Respectfully submitted,

TINA ROMERO HERRERA
*Movant Name*

LAW OFFICES OF KATHLEEN M. O'CONNOR
*Firm Name of Attorney for Movant (if applicable)*

By: *Kathleen M. O'Connor* (signature)
*Signature*

Name: KATHLEEN M. O'CONNOR
*Typed Name of Individual Movant or Attorney for Movant*

This form is mandatory by Order of the United States Bankruptcy Court for the Central District of California.

December 2009    F 4001-1M.NA

Motion for Relief from Stay (Non-bankruptcy Action) - Page 5 of ____    **F 4001-1M.NA**

| In re | (SHORT TITLE) | CHAPTER: 7 |
|---|---|---|
| CARLOS ENRIQUE HERRERA | Debtor(s) | CASE NO.: 2:10-BK-39894-BB |

# DECLARATION RE ACTION IN NON-BANKRUPTCY FORUM
## (MOVANT: TINA ROMERO HERRERA )

I, KATHLEEN M. O'CONNOR , declare as follows:
(Print Name of Declarant)

1. I have personal knowledge of the matters set forth in this declaration and, if called upon to testify, I could and would competently testify thereto. I am over 18 years of age. I have knowledge regarding the state court lawsuit, administrative proceeding, or other action in a non-bankruptcy forum ("Non-bankruptcy Action") that is the subject of this Motion because:

    a. ☐ I am the Movant.
    b. ☒ I am the Movant's attorney of record in the Non-bankruptcy Action.
    c. ☐ I am employed by the Movant as *(state title and capacity)*:
    d. ☐ Other *(specify)*:

2. I am one of the custodians of the books, records and files of Movant as to those books, records and files that pertain to the Non-bankruptcy Action. I have personally worked on books, records and files, and as to the following facts, I know them to be true of my own knowledge or I have gained knowledge of them from the business records of Movant on behalf of Movant, which were made at or about the time of the events recorded, and which are maintained in the ordinary course of Movant's business at or near the time of the acts, conditions or events to which they relate. Any such document was prepared in the ordinary course of business of Movant by a person who had personal knowledge of the event being recorded and had or has a business duty to record accurately such event. The business records are available for inspection and copies can be submitted to the Court if required.

3. The Non-bankruptcy Action at issue is currently pending as:

    Case name: Marriage of Herrera, Carlos and Tina Romero
    Docket number: BD450561
    Court or agency where pending: Los Angeles Superior Court, Central District

4. **Procedural Status:**

    a. The causes of action pleaded in the non-bankruptcy forum are *(list)*:
    SEE ATTACHMENT 4a

    True and correct copies of the pleadings filed before the non-bankruptcy forum are attached hereto as Exhibit 1 .

    b. The Non-bankruptcy Action was filed on *(specify date)*:

    c. Trial or hearing began/is scheduled to begin on *(specify date)*:

    d. The trial or hearing is estimated to require the following number of court days *(specify)*:

    e. Other defendants to the Non-bankruptcy Action are *(specify)*:

5. **Grounds for relief from stay:**

    a. ☐ The claim is insured. The insurance carrier and policy number are *(specify)*:

*(Continued on next page)*

This form is mandatory by Order of the United States Bankruptcy Court for the Central District of California.

December 2009

**F 4001-1M.NA**

Motion for Relief from Stay (Non-bankruptcy Action) - *Page 6 of* ____    F 4001-1M.NA

| In re | (SHORT TITLE) | CHAPTER: 7 |
|---|---|---|
| CARLOS ENRIQUE HERRERA | Debtor(s) | CASE NO.: 2:10-BK-39894-BB |

b. ☐ The matter can be tried more expeditiously in the non-bankruptcy forum.

    (1) ☐ It is currently set for trial on:

    (2) ☐ It is in advanced stages of discovery and Movant believes that it will be set for trial by *(specify date)*:
The basis for this belief is *(specify)*:

    (3) ☐ The matter involves non-debtor parties who are not subject to suit in the bankruptcy court. A single trial in the non-bankruptcy forum is the most efficient use of judicial resources.

c. ☐ The bankruptcy case was filed in bad faith specifically to delay or interfere with the prosecution of the Non-bankruptcy Action.

    (1) ☐ Movant is the only creditor (or the only substantial creditor) scheduled by the Debtor(s).

    (2) ☐ The timing of the petition filing shows that it was intended to delay or interfere with the Non-bankruptcy Action based upon the following facts *(specify)*:

    (3) ☐ Debtor(s) does(do) not have a reasonable likelihood of reorganizing in this Chapter ☐ 11 ☐ 13 bankruptcy case based upon the following facts *(specify)*:

d. ☒ For other facts justifying relief from stay, see attached continuation page.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that this Declaration was executed on __10/27__, __2010__, at Pasadena _____ *(city, state)*.

KATHLEEN M. O'CONNOR
*Print Declarant's Name*

*Signature of Declarant*

This form is mandatory by Order of the United States Bankruptcy Court for the Central District of California.

*December 2009*    F 4001-1M.NA

IN RE CARLOS ENRIQUE HERRERA, DEBTOR　　　CHAPTER 7 – CASE NO. 2:10-BK-39894BB
TINA ROMERO HERRERA, MOVANT

## ATTACHMENT TO F 4001-1M.NA

Page 5; 4a - The Causes of action pleaded in the non-bankruptcy forum are:

Dissolution of Marriage and division of assets by order of court Judgment entered June 15, 2010; LASC Case No. BD460561. See Page 5 of *Exhibit 1* attached hereto.

"The court finds that the Standard Insurance Company, Long Term Disability Benefits through City of Los Angeles Group Policy, Group Number 360363, Claim No. 00294171 is a community asset and that the community owns a 21.037% interest in said policy based upon the years of marriage (2.64615) over the years of employment (12.57880)."

"As of October 1, 2010, the Respondent shall receive as her sole and separate property a sum equal to 10.5185% of each monthly payment for so long as the payments are made by Standard Insurance Company under the terms of the policy."

Page 6; 5d – Grounds for Relief from Stay:

To divide the Standard Insurance Company, Long Term Disability Benefits through City of Los Angeles Group Policy, Group Number 360363, Claim No. 00294171, pursuant to the Judgment entered June 15, 2010. Movant owns 10.5185% of the policy as her sole and separate property.

On or about March 11, 2010 and entered by the Los Angeles Superior Court on June 15, 2010, Tina Romero (Movant), was awarded as her sole and separate property 10.5185% of the monthly annuity payment from Standard Insurance Company, Long Term Disability Benefits through City of Los Angeles Group Policy, Group Number 360363, Claim No. 00294171. This portion of the policy should not be subject to the bankruptcy and Movant should be allowed to enforce the terms of the Judgment as to the collection of her property.

1

**EXHIBIT 1**

FL-180

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|
| KATHLEEN M. O'CONNOR, BAR NO. 92603<br>LAW OFFICES OF KATHLEEN M. O'CONNOR<br>301 N. LAKE AVENUE, SUITE 130<br><br>PASADENA, CA 91101<br>TELEPHONE NO.: (626) 304-2951    FAX NO. (Optional): (626) 304-2779<br>E-MAIL ADDRESS (Optional):<br>ATTORNEY FOR (Name): TINA ROMERO HERRERA | **ORIGINAL FILED**<br><br>JUN 15 2010<br><br>LOS ANGELES<br>SUPERIOR COURT |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
STREET ADDRESS: 111 N. HILL STREET
MAILING ADDRESS: SAME
CITY AND ZIP CODE: LOS ANGELES, CA 90012
BRANCH NAME: CENTRAL DISTRICT

MARRIAGE OF
PETITIONER: CARLOS HERRERA

RESPONDENT: TINA ROMERO HERRERA

**JUDGMENT**
[X] DISSOLUTION    [ ] LEGAL SEPARATION    [ ] NULLITY
  [ ] Status only
  [ ] Reserving jurisdiction over termination of
      marital or domestic partnership status
  [ ] Judgment on reserved issues        JUN 15 2010
Date marital or domestic partnership status ends:

CASE NUMBER:
BD 460 561

1. [ ] This judgment    [ ] contains personal conduct restraining orders    [ ] modifies existing restraining orders.
   The restraining orders are contained on page(s) _____ of the attachment. They expire on (date):

2. This proceeding was heard as follows: [ ] Default or uncontested    [ ] By declaration under Family Code section 2336
   [X] Contested
   a. Date: March 11, 2010      Dept.: 88      Room:
   b. Judicial officer (name): SCOTT M. GORDON [X] Temporary judge SCOTT GORDON
   c. [X] Petitioner present in court             [ ] Attorney present in court (name):
   d. [X] Respondent present in court            [X] Attorney present in court (name): KATHLEEN M. O'CONNOR
   e. [ ] Claimant present in court (name):       [ ] Attorney present in court (name):
   f. [ ] Other (specify name):

3. The court acquired jurisdiction of the respondent on (date): March 14, 2007
   a. [ ] The respondent was served with process.
   b. [X] The respondent appeared.

**THE COURT ORDERS, GOOD CAUSE APPEARING**

4. a. [X] Judgment of dissolution is entered. Marital or domestic partnership status is terminated and the parties are restored to the status of single persons
      (1) [X] on (specify date):   JUN 15 2010
      (2) [ ] on a date to be determined on noticed motion of either party or on stipulation.
   b. [ ] Judgment of legal separation is entered.
   c. [ ] Judgment of nullity is entered. The parties are declared to be single persons on the ground of (specify):

   d. [ ] This judgment will be entered nunc pro tunc as of (date):
   e. [ ] Judgment on reserved issues.
   f. The [ ] petitioner's [X] respondent's    former name is restored to (specify): TINA ROMERO
   g. [ ] Jurisdiction is reserved over all other issues, and all present orders remain in effect except as provided below.
   h. [ ] This judgment contains provisions for child support or family support. Each party must complete and file with the court a
       *Child Support Case Registry Form* (form FL-191) within 10 days of the date of this judgment. The parents must notify the
       court of any change in the information submitted within 10 days of the change, by filing an updated form. The *Notice
       of Rights and Responsibilities—Health Care Costs and Reimbursement Procedures and Information Sheet on Changing a
       Child Support Order* (form FL-192) is attached.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
FL-180 [Rev. January 1, 2007]

**JUDGMENT**
(Family Law)

Legal
Solutions
Plus

Family Code, §§ 2024, 2340,
2343, 2346

FL-180

| CASE NAME (Last name, first name of each party): MARRIAGE OF HERRERA, CARLOS & TINA | CASE NUMBER: BD 460 561 |
|---|---|

4. *(Cont'd.)*
   i. ☐ A settlement agreement between the parties is attached.
   j. ☐ A written stipulation for judgment between the parties is attached.
   k. ☐ The children of this marriage or domestic partnership.
      (1) ☐ The children of this marriage or domestic partnership are:
         Name                               Birthdate


      (2) ☐ Parentage is established for children of this relationship born prior to the marriage or domestic partnership.
   l. ☐ Child custody and visitation are ordered as set forth in the attached
      (1) ☐ settlement agreement, stipulation for judgment, or other written agreement.
      (2) ☐ *Child Custody and Visitation Order Attachment* (form FL-341).
      (3) ☐ *Stipulation and Order for Custody and/or Visitation of Children* (form FL-355).
      (4) ☐ other *(specify):*

   m. ☐ Child support is ordered as set forth in the attached
      (1) ☐ settlement agreement, stipulation for judgment, or other written agreement.
      (2) ☐ *Child Support Information and Order Attachment* (form FL-342).
      (3) ☐ *Stipulation to Establish or Modify Child Support and Order* (form FL-350).
      (4) ☐ other *(specify):*

   n. ☒ Spousal or partner support is ordered as set forth in the attached
      (1) ☐ settlement agreement, stipulation for judgment, or other written agreement.
      (2) ☐ *Spousal, Partner, or Family Support Order Attachment* (form FL-343).
      (3) ☒ other *(specify):* Judgment of Dissolution

      **NOTICE:** It is the goal of this state that each party will make reasonable good faith efforts to become self-supporting as provided for in Family Code section 4320. The failure to make reasonable good faith efforts may be one of the factors considered by the court as a basis for modifying or terminating spousal or partner support.

   o. ☒ Property division is ordered as set forth in the attached
      (1) ☐ settlement agreement, stipulation for judgment, or other written agreement.
      (2) ☐ *Property Order Attachment to Judgment* (form FL-345).
      (3) ☒ other *(specify):* Judgment of Dissolution

   p. ☒ Other *(specify):* See attached


Each attachment to this judgment is incorporated into this judgment, and the parties are ordered to comply with each attachment's provisions.

Jurisdiction is reserved to make other orders necessary to carry out this judgment.

Date:

5. Number of pages attached: 6

JUDICIAL OFFICER
☒ SIGNATURE FOLLOWS LAST ATTACHMENT

**NOTICE**
Dissolution or legal separation may automatically cancel the rights of a spouse or domestic partner under the other spouse's or domestic partner's will, trust, retirement plan, power of attorney, pay-on-death bank account, transfer-on-death vehicle registration, survivorship rights to any property owned in joint tenancy, and any other similar thing. It does not automatically cancel the rights of a spouse or domestic partner as beneficiary of the other spouse's or domestic partner's life insurance policy. You should review these matters, as well as any credit cards, other credit accounts, insurance policies, retirement plans, and credit reports, to determine whether they should be changed or whether you should take any other actions.

A debt or obligation may be assigned to one party as part of the dissolution of property and debts, but if that party does not pay the debt or obligation, the creditor may be able to collect from the other party.

An earnings assignment may be issued without additional proof if child, family, partner, or spousal support is ordered.

Any party required to pay support must pay interest on overdue amounts at the "legal rate," which is currently 10 percent.

FL-180 [Rev. January 1, 2007]                    **JUDGMENT**                    Page 2 of 2
                                                  (Family Law)

| In re Marriage of Herrera, Carlos & Tina | Case No. BD 460561 |
|---|---|

FL-180 – ATTACHMENT NO. 4p

The court having considered the evidence and the arguments of counsel makes the following findings and orders:

1. The court adopts the prior stipulations and agreements of the parties and those stipulations and agreements are incorporated herein.

2. The following property is confirmed to the Petitioner as his sole and separate property:

   a. The real property located at 2807 E. 6th Street, Los Angeles, CA 90023 and more specifically described as:

   *City of Los Angeles, County of Los Angeles, State of California, Lot 20 of S.A. Widney Tract, in the City of Los Angeles, County of Los Angeles, State of California, as per map recorded in Book 15, Page(s) 24 of Maps, in the Office of the County Recorder of said County.*

   b. That certain 1999 Ford F150 Truck, California License Number DPG8600.

   c. All right, title and interest in the City of Los Angeles Defined Benefit Plan in the name of the Petitioner.

   d. Except as otherwise provided herein, all right, title and interest in the proceeds of the Standard Insurance Company, Long Term Disability Benefits through the City of Los Angeles Group Policy, claim number 00294171, Group #630363.

   e. Any and all bank accounts standing in the name of the Petitioner.

   f. All right, title and interest in the Los Angeles City Employees Retirement System (LACERS) standing in the name of the Petitioner.

   g. Except as otherwise provided herein, all furniture and furnishings in the possession of the Petitioner.

1  3.  The following property is confirmed to the Respondent as her sole and separate
2  property:
3      a.  The real property located at 3334 Lowell Avenue, Los Angeles, CA 90032
4         and more specifically described as:
5         *City of Los Angeles, County of Los Angeles, State of California. Lot 17, Block*
6         *23 of Tract No. 4952 as per Map recorded in Book 70, Pages 31 to 34,*
7         *inclusive of Maps in the office of the County Recorder of Los Angeles County.*
8      b.  That certain 2002 BMW 325i, California License Number 4UQL825.
9      c.  All right, title and interest in the Hunt Ortmann 401K Plan administered by
10        American Funds Ascensus for the benefit of the Respondent, maintained by
11        her employer.
12     d.  Any and all bank accounts standing in the name of the Respondent.
13     e.  Except as otherwise provided herein, all furniture and furnishings in the
14        possession of the Respondent.
15  4.  <u>Tax Audit</u>. The community filed a joint tax return for the year 2005, and that
16  return was audited by the Internal Revenue Service resulting in a calculation of taxes, penalties
17  and interest of $5,100.00 which the Respondent paid in full. The Petitioner is ordered to pay to
18  the Respondent forthwith the sum of $2,550.00 as and for his contribution on the 2005 tax
19  obligation.
20  5.  <u>HELOC</u>. During the marriage, the sum of $65,000.00 was drawn down on a Bank
21  of America Line of Credit, Account Number ending in 5499 in the name of the Respondent and
22  used to pay community obligations, including the loan obligations secured by the automobiles.
23  2002 BMW 325i automobile in the amount of $8,271.00 and 1999 Ford F150 truck in the
24  amount of $4,398.00. The court finds that $65,000.00 of the current obligation of $109,432.00
25  on the Bank of America Line of Credit, Account Number ending in 5499 is a community
26  obligation.
27
28

JUDGMENT ATTACHEMENT

1    The Petitioner is ordered to pay to the Bank of America on Account Number ending in 5499 the sum of $32,500.00 on or before May 13, 2010, and thereafter is discharged from any further obligation on the $65,000.00 community debt owed to the Bank of America.

If the Petitioner fails to pay $32,500.00 on or before May 13, 2010, then commencing June 1, 2010, the Respondent shall pay to the Petitioner a sum equal to 30% of the variable interest accrued each month on Bank of America, Account Number ending in 5499 retroactive to April 1, 2010, and the sum of $143.00 per month as and for a reduction on the principal. Both payments shall be paid to the Respondent on or before the fifth day of each month thereafter until the Petitioner has paid the principal amount of $32,500.00 in full.

The Bank of America loan is a variable interest loan. The Respondent shall copy the Petitioner with the monthly statement; and the Petitioner shall notify the Respondent of his current address and any changes of address within 10 days of the move.

6. <u>Standard Insurance Company.</u> The court finds that the Standard Insurance Company, Long Term Disability Benefits through City of Los Angeles Group Policy, Group Number 360363, Claim No. 00294171 is a community asset and that the community owns a 21.037% interest in said policy based upon the years of marriage (2.64615) over the years of employment (12.57880).

The characterization of the proceeds of the policy changes from disability payment to retirement payment upon the Petitioner reaching the age of 55 years under the <u>Marriage of Gilmore</u> and the <u>Marriage of Brown.</u> As of October 1, 2010, the Respondent shall receive as her sole and separate property a sum equal to 10.5185% of each monthly payment for so long as the payments are made by Standard Insurance Company under the terms of the policy.

For purposes of the Qualified Domestic Relations Order the following information shall be provided under separate cover to protect the identity of the parties.

Name of Participant: Carlos Herrera

Name of Alternate Payee: Tina Romero

Date of Birth of Participant: to be provided under separate cover.

JUDGMENT ATTACHEMENT

1      Date of Birth of the Alternate Payee: to be provided under separate cover.

2      Social Security Number of the Participant – to be provided under separate cover.

3      Social Security Number of the Alternate Payee – to be provided under separate cover.

4      7.     <u>Furniture and Furnishings.</u> The Petitioner and Respondent have agreed that the Petitioner may take the following items of furniture and furnishings located at the family residence: Mattress, Dining Room Set and Chairs, Patio Table & 4 Chairs, and the Double Door Office Center. These items must be removed on April 24, 2010, between the hours of 10 a.m. and 5 p.m. The Petitioner is responsible for any and all damage caused by the removal of the property, and shall reimburse the Respondent the cost of repair. Any furniture at the residence on April 24, 2010, at 5:01 p.m. is the sole and separate property of the Respondent and the Petitioner has no further claim.

8. <u>Cemetery Plots.</u> Petitioner and Respondent own a double grave cemetery plot at Resurrection Cemetery, Lot L, Section 333 T-31. The parties shall continue joint ownership and each party retains the right to be buried in the plot.

9. <u>Spousal Support.</u> The court reserves jurisdiction over the establishment of spousal support for either party for a period of two years. After March 12, 2012, the court shall no longer have the power to order spousal support in any amount or for any period of time.

The court finds that this is a short term marriage. The parties have been separated without a request for spousal support for 3 years. The income of each of the parties is equivalent. However, the Petitioner nets more income since he does not have the same tax liability.

10. <u>Attorney Fees.</u> The court denies the Respondent's request for attorney fees under Family Code Section 2030. However, the court finds that the Petitioner's conduct during the course of the litigation, the meritless positions which interfered with settlement, and the expense incurred by the Petitioner to review the voluminous records identified by the Petitioner for introduction into evidence increased the cost of the litigation to the Respondent and was without

---

JUDGMENT ATTACHEMENT

1. basis. Therefore, the Petitioner is ordered to pay forthwith to Kathleen M. O'Connor, Esq. the sum of $7,500.00 as sanctions.

   11. <u>Petitioner's Requests</u>. The court finds that the Petitioner failed to meet his burden of proof on the following issues and therefore the Petitioner's request is denied for failure of proof:

   a. Maintenance Cost and Labor performed before and during the marriage on the Respondent's separate property residence;

   b. Reimbursement for payment of the Los Angeles County real property taxes for the years 2001-2005;

   c. Reimbursement for Mortgage Payments made during the marriage on the separate property residence of the Respondent;

   d. Reimbursement claim for $275,220.00 in credit card payments made during the marriage; and

   e. Cancellation of a policy of Medical Insurance insuring the Petitioner and any expenses incurred as a result.

**IT IS SO ORDERED:**

Date: JUN 1 5 2010

**SCOTT M. GORDON**

SCOTT GORDON, JUDGE PRO TEM

---

JUDGMENT ATTACHEMENT

Page | 7

| | |
|---|---|
| Case Name: | Marriage of Herrera, Carlos & Tina |
| Court: | Los Angeles Superior Court |
| Case No. | BD 460561 |

PROOF OF SERVICE BY MAIL – C.C.P. §1011, §1012, §1013a(3), §2015.5 C.C.P.

STATE OF CALIFORNIA    )
COUNTY OF LOS ANGELES    )

    I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to this action. My business address is 301 N. Lake Avenue, Suite 130, Pasadena, California 91101. On the date set forth below I served the documents described below:

JUDGMENT OF DISSOLUTION

on the following party(ies) in this action:

Carlos Herrera
2807 East 6th Street
Los Angeles, CA 90023

[ X ]  (BY MAIL): Following ordinary business practices, I placed for collection and mailing at the Law Offices of Kathleen M. O'Connor, located at 301 N. Lake Avenue #130, Pasadena, CA 91101 the aforementioned documents, in a sealed envelope, with postage fully prepaid, addressed to each of the persons named above at the address(es) listed above.

    I am readily familiar with the business's practice for collection and processing correspondence for mailing with the United States Postal Service and, in the ordinary course of business, the correspondence would be deposited with the United States Postal Service on the day on which it is collected at the business.

[ ]  (BY PERSONAL SERVICE): I caused to be served the aforementioned documents by placing a true copy in an envelope(s) addressed to each of the persons named above at the address(es) listed above, and then by sealing the envelope(s). The envelopes were given to ONE AND ONLY MESSENGER SERVICE, for personal delivery.

[ ]  (BY FACSIMILE) I caused such document(s) to be transmitted by facsimile on this date to the offices of addressee(s).

    I declare under penalty of perjury under the law of the State of California that the foregoing is true and correct. Executed on March 29, 2010, at Pasadena, California.

_/s/ Yvonne M. Acs_
YVONNE M. ACS

FL-190

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*: | FOR COURT USE ONLY |
|---|---|
| KATHLEEN M. O'CONNOR, BAR NO. 92603<br>LAW OFFICES OF KATHLEEN M. O'CONNOR<br>301 N. LAKE AVENUE, SUITE 130<br><br>PASADENA, CA 91101<br>TELEPHONE NO.: (626) 304-2951    FAX NO. *(Optional)*: (626) 304-2779<br>E-MAIL ADDRESS *(Optional)*:<br>ATTORNEY FOR *(Name)*: TINA ROMERO HERRERA | FILED<br>LOS ANGELES SUPERIOR COURT<br><br>JUN 15 2010 |
| SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES<br>STREET ADDRESS: 111 N. HILL STREET<br>MAILING ADDRESS: SAME<br>CITY AND ZIP CODE: LOS ANGELES, CA 90012<br>BRANCH NAME: CENTRAL DISTRICT | |
| PETITIONER: CARLOS HERRERA<br>RESPONDENT: TINA ROMERO HERRERA | |
| NOTICE OF ENTRY OF JUDGMENT | CASE NUMBER:<br>BD 460 561 |

You are notified that the following judgment was entered on *(date)*: JUN 15 2010

1. [X] Dissolution
2. [ ] Dissolution—status only
3. [ ] Dissolution—reserving jurisdiction over termination of marital status or domestic partnership
4. [ ] Legal separation
5. [ ] Nullity
6. [ ] Parent-child relationship
7. [ ] Judgment on reserved issues
8. [ ] Other *(specify)*:

Date: JUN 15 2010                                Clerk, by _____ M. ARNOLD _____, Deputy

— NOTICE TO ATTORNEY OF RECORD OR PARTY WITHOUT ATTORNEY —
Under the provisions of Code of Civil Procedure section 1952, if no appeal is filed the court may order the exhibits destroyed or otherwise disposed of after 60 days from the expiration of the appeal time.

STATEMENT IN THIS BOX APPLIES ONLY TO JUDGMENT OF DISSOLUTION    JUN 15 2010
Effective date of termination of marital or domestic partnership status *(specify)*:
WARNING: Neither party may remarry or enter into a new domestic partnership until the effective date of the termination of marital or domestic partnership status, as shown in this box.

CLERK'S CERTIFICATE OF MAILING
I certify that I am not a party to this cause and that a true copy of the *Notice of Entry of Judgment* was mailed first class, postage fully prepaid, in a sealed envelope addressed as shown below, and that the notice was mailed
at *(place)*: LOS ANGELES , California, on *(date)* JUN 15 2010
Date: JUN 15 2010                                Clerk, by _____ M. ARNOLD _____, Deputy

| Name and address of petitioner or petitioner's attorney | Name and address of respondent or respondent's attorney |
|---|---|
| CARLOS HERRERA<br>2807 East 6th Street<br>Los Angeles, CA 90023 | TINA ROMERO HERRERA<br>c/o Kathleen M. O'Connor, Esq.<br>301 North Lake Avenue, #130<br>Pasadena, CA 91101 |

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
FL-190 [Rev. January 1, 2005]

NOTICE OF ENTRY OF JUDGMENT
(Family Law—Uniform Parentage—Custody and Support)

Family Code, §§ 2338, 7636, 7637
Legal Solutions Plus

Motion for Relief from Stay (Non-bankruptcy Action)    je 7 of ___    F 4001-1M.NA

| In re | (SHORT TITLE) | CHAPTER: 7 |
|---|---|---|
| CARLOS ENRIQUE HERRERA | Debtor(s). | CASE NO.: 2:10-BK-39894-BB |

NOTE: When using this form to indicate service of a proposed order, DO NOT list any person or entity in Category I. Proposed orders do not generate an NEF because only orders that have been entered are placed on a CM/ECF docket.

## PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
301 North Lake Avenue, Suite 130, Pasadena, CA 91101

A true and correct copy of the foregoing document described as NOTICE OF MOTION AND MOTION FOR RELIEF FROM THE AUTOMATIC STAY UNDER 11 U.S.C. §362 will be served or was served (a) on the judge in chambers in the form and manner required by LBR 5005-2(d), and (b) in the manner indicated below:

**I. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** - Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On _____ I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email addressed indicated below:

☐ Service information continued on attached page

**II. SERVED BY U.S. MAIL OR OVERNIGHT MAIL (indicate method for each person or entity served):**
On __10/29/10__ I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follow. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.
SEE ATTACHED SERVICE LIST

☒ Service information continued on attached page

**III. SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL (indicate method for each person or entity served):** Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on _____ I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method) by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| 10/29/10 | YVONNE M. ACS | _(signature)_ |
|---|---|---|
| Date | Type Name | Signature |

This form is mandatory by Order of the United States Bankruptcy Court for the Central District of California.

F 4001-1M.NA

December 2009

# SERVICE LIST

U.S. BANKRUPTY COURT JUDGE
Hon. Sheri Bluebond
Courtroom 1475, 14th Floor
255 East Temple Street
Los Angeles, CA 90012


U.S. TRUSTEE
255 East Temple Street
Los Angeles, CA 90012


CARLOS ENRIQUE HERRERA
3572 Benton Avenue, #H
Lynwood, CA 90262
Debtor


JOHN ASUNCION, ESQUIRE
4311 Wilshire Blvd., #602
Los Angeles, CA 90010
Attorney for Debtor


ROSENDO GONZALEZ
GONZALEZ & ASSOCIATES
530 South Hewitt Street, Suite 148
Los Angeles, CA 90013
Trustee